**ATTACHMENT 5**

**Index of Documents Filed with Removal Action**

# Index of Documents Filed with Removal Action

Case:   *Ken Brown, Individually and on Behalf of Minors, K.B. I, and K.B. II v. Harris County et al, Cause No. 2025-19802, 281st Civil District Court, Harris County, Texas*

Exhibit A:      Plaintiff's Original Petition
Exhibit B:      Executed Service Returns
Exhibit C:      Unexecuted Service Returns

**EXHIBIT A**

**Original Petition**

CASE NO._____

| | | |
|---|---|---|
| KEN BROWN, INDIVIDUALLY AND ON BEHALF OF MINORS K.B., I; AND K.B., II PLAINTIFFS, | § § § § | IN THE DISTRICT COURT |
| | § | _____ JUDICIAL DISTRICT |
| V. | § § | |
| HARRIS COUNTY, TEXAS, SHERIFF ED GONZALEZ, MATTHEW STENSLAND, ADOLFO VILLANUEVA, JOSHUA BASS AND CIARA CASMER, DEFENDANTS. | § § § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Ken Brown, Jr. individually and on behalf of minor children K.B.I, ("KBI") and K.B. II, ("KBII") files this Complaint and Request for Jury Demand, and in support of his claims against Harris County, Ed Gonzalez, in his individual and official capacity, Ciara Casmer in her individual and official capacity and Matthew Stensland in his individual and official capacity. Plaintiff alleges the following:

## I. NATURE OF CASE

This is a civil action arising as a result of Plaintiff and his children's deprivation of

their constitutional rights and liberties to be free of excessive, unreasonable use of force, and unlawful arrest pursuant to the Fourth and Fourteenth Amendments of the Constitution of the United States by Defendants, state actors, who were acting under the color of law at the time Plaintiff and his son's rights were violated as set forth in the Civil Rights Act, Title 42 of the United States Code §§1981, 1983, and 1988.

## II. PARTIES

1. Plaintiff, Ken Brown, Jr. individually and on behalf of minor children K.B.I, and K.B. II, PO Box 27353, Houston, Texas 77227

2. Defendant, Matthew Stensland, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Stensland may be found.

3. Defendant Ciara Casmer, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. She is sued in her individual capacity for liability, punitive and compensatory damages. She may be served with process at his place of employment by personal delivery

Certified Document Number: 119630272 - Page 2 of 14

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Casmer may be found.

4. Defendant, Adolfo Villanueva, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Villanueva may be found.

5. Defendant, Joshua Bass, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Bass may be found.

6. Defendant, Sheriff Ed Gonzalez ("Sheriff Gonzalez"), at all times was acting under the color of state law and as the leader, agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. Sheriff Gonzalez is an individual who may be served with process at Defendant's place of employment by personal delivery

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Sheriff Ed Gonzalez may be found.

7.      Defendant, Harris County, Texas, for actions related to the actions of Harris County Sheriff's Office, ("HCSO"), a municipality in Texas. Harris County is a "person" under 42 U.S.C. §1983 and at all times relevant to this case, acted under the color of state law. Harris County may be served with the process by serving the Honorable Judge Lina Hildalgo, county judge of Harris County by personal delivery at Harris County, 1001 Preston St, Houston, Texas 77002, or wherever Judge Lina Hidalgo/Harris County may be found.

## III. FACTS

8.      Ken Brown was in town for his father in law's funeral with his family including his minor sons, KB,I, 16 yrs old and KB,II, 14 years old, his wife, and two other young children.

9.      The plaintiff drove his mother to a nail salon in the city he was visiting for a funeral and left his two teenage sons in his car in the salon's parking lot.

10.     While he was inside the nail shop with his mother, Deputy Matthew Stensland began harassing his sons.

11. Deputies Stensland, Adolfo Villanueva, Joshua Bass detained Mr. Brown's teenage son and placed him in the back of his police squad car without reasonable suspicion for initiating contact with them on private property and without probable cause.

12. KB, II did not feel free to leave although he was not handcuffed or placed in the squad car.

13. Witnessing the officer stalking his sons, KB, I, KB, II, kidnap KB, I and put KB, I in handcuffs, his father left his mother, came out of the nail shop and told him to take his young son out of handcuffs.

14. The deputies refused to release the teenager.

15. None of the events occurred on public streets but in a private parking lot.

16. He then detained and arrested their father, Ken Brown, after an illegal search of his vehicle.

17. Officer Casmer provided a false sworn statement to secure an arrest warrant and effectuate the false arrest and imprisonment of Mr. Brown.

18. Stensland failed to disclose that the stop occurred on private property. Mr. Brown had never received a parking ticket in the past for parking in a handicap space and was not subject to an arrest when he encountered Deputies Stensland, Adolfo Villanueva, and Joshua Bass.

19. The detainment occurred on private property and was unlawful.

20. Mr. Brown is a member of a protected class as a Black male. He and his sons were racially profiled and stalked by Stensland although he was not engaged in any criminal activity. He was simply being a respectful son.

21. Following an investigation and review of body-worn camera footage, no disciplinary action was taken, and infractions captured by said footage were deliberately disregarded.

22. Supervisors are trained, pursuant to policy, to review all deputies' statements and make sure the statements do not conflict before accepting the statements.

23. The officer witness statements must be approved by a supervising officer before it is accepted and is often returned to the officers to make changes to correct contradictions.

24. Sheriff Ed Gonzalez failed to adequately train or discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

25. Sheriff Ed Gonzalez failed to adequately discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

26. The teenagers were interrogated while detained without being advised of their Fifth Amendment right to remain silent. They admitted they do not provide warnings

exclaiming "we don't do that, GANG GANG." Shout out to "V (likely Villareal) sparked this whole idea."

27.     The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.

28.     He specifically failed to train in the limits of stopping individuals on private property without probable cause.

29.     Deputies Stensland, Adolfo Villanueva, and Joshua Bass approached the vehicle and found that there was no driver present. The appropriate response for a car illegally parked in a disabled parking space would be a ticket issued to the registered owner.

30.     However, due to the lack of training by Gonzalez and Harris County on the limits of conducting a traffic stop or response to parking violation while on private property, this was not done. This was also the case with officer Christopher Bolin. The vehicle was illegally searched without consent. Stensland never witnessed Ken Brown inside the vehicle, yet he took custody of the firearms lawfully possessed.

31.     The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or

mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.

## IV. CLAIMS

**42 U.S.C. §1983 Constitutional Rights Violations Pursuant to the First, Fourth, and Fourteenth Amendments.**

32.     Plaintiff adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

33.     Plaintiff asserts that Stensland is liable for excessive force, unreasonable use of force, and Ed Gonzalez is liable for his failure to train, supervise, or discipline his officers. Sheriff Gonzalez failed to train Matthew Stensland and Cyara Casmer to protect individuals, like the Plaintiff, from wrongful false arrest based on false imprisonment in violation of the 4th and 14th Amendments.

34.     He further failed to train, supervise, or discipline his officers, like Stensland and Casmer to refrain from the unreasonable seizures or reasonable use of force, as a result of the sheriff's failures Mr. Brown and his children's rights were violated.

35. Defendant Harris County is liable to Plaintiffs as a result of the policy and practice of unlawful arrest. In addition Harris County failed to protect Plaintiff and his son from violation of the Fourth and Fourteenth Amendments.

36. Specifically, Defendant Harris County by and through its agents, staff, officers, or employees, violated Plaintiffs' constitutional rights to be free from unreasonable seizures and excessive force by causing injuries to Plaintiff Ken Brown as a result of the unreasonable use of force.

37. Defendant Harris County's policymaker, Sheriff Gonzales, acting under the color of state law and within the scope of its responsibilities and/or employment and authority, intentionally and with conscious, callous, deliberate indifference deprived Plaintiffs of their constitutional rights to be free from unreasonable unlawful seizure and excessive use of force by failing to train, supervise or discipline its officers.

38. As such, Plaintiff sues Harris County and its policymaker, Sheriff Gonzalez, as a state actor acting under the color of law, pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's liberty and freedom interests.

**Ratification by Harris County and Pattern/ Practice of Excessive Force**

39. Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive and with regard to all causes of action.

40. Plaintiff had his rights violated and was injured due to the policies, practices, customs, and procedures of Harris County.

41. Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and encouraging excessive force against suspects, inmates, and persons in their custody.

42. No person was adequately disciplined or reprimanded after the investigation of this incident, thereby ratifying the conduct set forth above.

43. Harris County either determined that there was partial misconduct and violation and just a menial error occurred or failed to investigate and excuse any excessive and unreasonable use of force and failure to protect from excessive and unreasonable use of force was consistent with departmental policy and created in the department and expectation of impunity for the use of excessive and unreasonable use of force and failure to protect.

44. Defendant Harris County and its deputies have a pattern and practice of using excessive force on its citizens and failing to protect them from the use of unreasonable, excessive force.

45. Harris County and Gonzalez failed to train and supervise its agents, staff, officers, and employees after prior past unreasonable, unconstitutional conduct that resulted in a

culture of emboldened behavior. This includes Stensland who based on this behavior herein likely had a history of complaints.

46.     Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and failing to discourage its agents, staff, officers, and employees not to arrest individuals without probable cause or use excessive and unreasonable use of force against persons in its custody. Deputies Stensland, Adolfo Villanueva, Joshua Bass each failed to intervene to prevent the others' violation of the constitutional rights of the plaintiffs.

47.     Defendant's policies, practices, and/or customs were a moving force in causing the unconstitutional conduct alleged herein. Plaintiff intends to show that there was a failure to supervise and correct the wrongful and illegal behavior of its agents, staff, officers, and employees; there was a culture of silence and tolerance of such conduct, and there was a failure to train to result in the unreasonable force and false arrest, as well as First Amendment violation for denying his right to speech, and record.

48.     The following are additional instances of false arrest, arrest made without probable cause and dismissed as a result made by Harris County deputies as a result of allowing such arrest without probable cause and not training or discipline for the false arrest, and

these failures are the moving force behind Brown's unlawful, false arrest resulting in his false imprisonment. See Appendix A.

## V. ATTORNEY'S FEES

49.     Plaintiff is entitled to recover attorney's fees and costs to enforce his constitutional rights under 42 U.S.C. § 1981, 1982, 1983, 1985, and 1988 from Defendant.

## VI. DAMAGES

50.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Defendants' acts as described herein.

51.     Plaintiffs suffered loss, and to endure anxiety, pain, injury, resulting in mental anguish and damages more fully set forth below.

52.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of their mental injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Mental anguish in the past and Mental anguish in the future;

d. Punitive damages.

e. And attorney fees

## VII. PRAYER FOR RELIEF

53.     Plaintiff prays for judgment on his behalf against Defendant and asks this Court, after impaneling a jury and accepting the presentation of evidence, to enter judgment in favor of Plaintiff and against Defendant and to be identified in at least the following particulars:

A. Enter judgment for Plaintiffs against each Defendant jointly and severally;

B. Find that Plaintiff is the prevailing party in this case and award attorney's fees and costs, pursuant to state and federal law, as noted against each Defendant;

C. Award damages to Plaintiffs for the violation of his Constitutional rights claims;

D. Award pre-and post-judgment interest;

E. Award punitive damages against Defendants;

F. Cost of court; and

G. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully submitted,
By:/s/ U.A. Lewis
U.A. Lewis
SBN: 24076511
FBN: 1645666
The Lewis Law Group
P.O. Box 27353

Houston, TX 77227
Phone: (713) 570-6555
Fax: (713) 581-1017
MyAttorneyAtLaw@gmail.com
Attorneys for Plaintiffs



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 12, 2025

Certified Document Number:        119630272 Total Pages:  14

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT B

# Executed Service Returns

**HCDistrictclerk.com**     KEN BROWN (INDIVIDUALLY AND ON BEHALF OF     6/23/2025
MINORS B, vs. HARRIS COUNTY
Cause: 202519802      CDI: 7      Court: 281

## NOTICES
No Notices found.

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION (CERTIFIED) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | HARRIS COUNTY BY SERVING COUNTY JUDGE LINDA HIDALGO | 3/19/2025 | 4/1/2025 | | | | 74459524 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVED: PAPER SERVED NO SERVED DATE | ORIGINAL PETITION | GONZALEZ, ED (SHERIFF) | 3/19/2025 | 4/1/2025 | | | | 74459547 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | STENSLAND, MATTHEW | 3/19/2025 | 4/1/2025 | | | | 74459548 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | VILLANUEVA, ADOLFO | 3/19/2025 | 4/1/2025 | | | | 74459549 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | BASS, JOSHUA | 3/19/2025 | 4/1/2025 | | | | 74459553 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | CASMER, CIARA | 3/19/2025 | 4/1/2025 | | | | 74459554 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ASSIGNED TO CLERK/NOT ISSUED | ORIGINAL PETITION | CASMER, CIARA | 3/19/2025 | | | | | 74459556 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | STENSLAND, MATTHEW | 3/19/2025 | 5/6/2025 | 5/28/2025 | 5/28/2025 | 5/12/2025 | 74476317 | CONST 1 ALAN ROSEN |
| CITATION | SERVICE RETURNED/UNEXECUTED | ORIGINAL PETITION | VILLANUEVA, ADOLFO | 3/19/2025 | 5/6/2025 | | 6/5/2025 | 5/12/2025 | 74476321 | CONST 1 ALAN ROSEN |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | BASS, JOSHUA | 3/19/2025 | 5/6/2025 | 6/13/2025 | 6/13/2025 | 5/12/2025 | 74476323 | CONST 1 ALAN ROSEN |
| CITATION | SERVICE RETURNED/UNEXECUTED | ORIGINAL PETITION | CASMER, CIARA | 3/19/2025 | 5/6/2025 | | 5/15/2025 | 5/16/2025 | 74476327 | CONST 1 ALAN ROSEN |

Unofficial Copy Office of Marilyn Burgess District Clerk

PCT7/034 P      P.2

5-28-2128

CAUSE NO. 202519802
RECEIPT NO. 1071004     85.00    C01
*********     TR # 74476317

| | |
|---|---|
| PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II)) <br> -vs- <br> DEFENDANT: HARRIS COUNTY | In The   281st <br> Judicial District Court <br> of Harris County, Texas <br> 281ST DISTRICT COURT <br> Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

1731 HUGH RD HOUSTON, TX 77067   B45 B/A

TO: STENSLAND, MATTHEW (DEPUTY)?
1200 BAKER STREET  HOUSTON  TX 77002  Library Admin/ed

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>19th day of March, 2025</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

    This citation was issued on 6th day of May, 2025, under my hand and seal of said Court.

<u>Issued at request of:</u>
LEWIS, U A
PO BOX 27353
HOUSTON, TX 77227
Tel: (713) 570-6555
Bar No.: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELE
M39//12844986

2025 MAY 15 AM

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the

Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

5-30-25

**FILED**
**Marilyn Burgess**
**District Clerk**

MAY 30 2025
Time: 8:00 AM
Harris County, Texas
By _____
Mail Processing Clerk

_____ of _____ County, Texas

Affiant _____    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

2025 MAY 20 AM 10:44

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

RECEIVED
HARRIS HERMAN
CONSTABLE PCT 4
HARRIS CO. TEXAS

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

Notary Public

**Constable Return of Individual**

Cause #: <u>202519802</u>                                                                                      Tracking #: <u>74476317</u>

In the case of <u>KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))</u> VS <u>HARRIS COUNTY</u> a <u>CITATION</u> and attached <u>PLAINTIFF'S ORIGINAL PETITION</u> was issued by the <u>281st Judicial District</u> court of <u>HARRIS</u> County, <u>TX</u> and came to hand on the <u>19</u> day of <u>May</u>, <u>2025</u> at <u>9:15AM</u> to be delivered at <u>1731 HUGH RD</u>, <u>HOUSTON</u>, TX, <u>77067</u> by delivering to: <u>STENSLAND, MATTHEW</u>

---

**Service of Individual**

Executed in <u>HARRIS</u> County, Texas by delivering to each of the within name defendant by <u>PERSONAL SERVICE</u>; a true copy of this <u>CITATION</u> together with the accompanying copy of the <u>PLAINTIFF'S ORIGINAL PETITION</u>, at the following times and places:

| Name | Date | Time | Full Address of Service |
|------|------|------|-------------------------|
| STENSLAND, MATTHEW | 5/28/2025 | 5:27AM | 1731 HUGH RD  - HOUSTON, TX 77067 |
| STENSLAND, MATTHEW | 5/8/2025 | 3:29PM | 1200 BAKER ST HOUSTON TX 77002 |

Fee Due $      0.00

by Deputy  KENDALL GUILLORY - I09
Printed

Deputy Signature  _904637_

Attempts:      6

Total Attempts:      11

**Mark Herman , Constable Precinct #4**

**Harris County Texas**

330 Meadowfern Dr.
Houston Texas 77067
832.927.6108

CAUSE NO. 202519802
RECEIPT NO. 1071004
+ + + + + + + + +

1264 Paupers

85.00        CO1        P-2

TR # 74476323

PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))
                                    vs.
DEFENDANT: HARRIS COUNTY

In The    281st
Judicial District Court
of Harris County, Texas
281ST DISTRICT COURT
Houston, TX

## CITATION

THE STATE OF TEXAS
County of Harris

DISTRICT I
DEPUTY

5161799 -
050805

ENTERED  BT
VERIFIED

TO: BASS, JOSHUA
   1200 BAKER STREET   HOUSTON TX 77002
   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 19th day of March, 2025, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

   This citation was issued on 6th day of May, 2025, under my hand and seal of said Court.

**FILED**
Marilyn Burgess
District Clerk

MAY 12 2025

Time: 8:00 am
Harris County, Texas
By R Tickle
Mail Processing Clerk

Issued at request of:
LEWIS, U A
PO BOX 27353
HOUSTON, TX 77227
Tel: (713) 570-6555
Bar No.: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELE
M39//12844986

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the
_____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____                              _____ of _____County, Texas
       Affiant

                                                 By _____
                                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
                              Notary Public

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

*74476323*

# Constable Return of Individual

Cause #: <u>202519802</u>                    Tracking #: <u>74476323</u>

In the case of <u>KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))</u> VS <u>HARRIS COUNTY</u> a <u>CITATION</u> and attached <u>PLAINTIFF'S ORIGINAL PETITION</u> was issued by the <u>281st Judicial District</u> court of <u>HARRIS</u> County, <u>TX</u> and came to hand on the <u>7</u> day of <u>May</u>, <u>2025</u> at <u>11:53AM</u> to be delivered at <u>1200 BAKER ST</u>, <u>HOUSTON</u>, TX <u>77002</u> by delivering to: <u>BASS, JOSHUA</u>

### (Attempted service at 1200 BAKER ST, HOUSTON, TX, 77002 unless otherwise noted.)

| Date | Time | Deputy Name | Agency | Service Attempt Type | Attempted Address | Remarks |
|------|------|-------------|--------|---------------------|-------------------|---------|
| 5/8/2025 | 3:30:24 PM | ROBERTA CUELLAR | 1 | SERVED | 1200 BAKER ST HOUSTON TX 77002 | SERVED BY EMAIL REFERENCE S161799-050825 |

### Service of Individual

Executed in <u>HARRIS</u> County, Texas by delivering to each of the within name defendant by <u>EMAIL</u>; a true copy of this <u>CITATION</u> together with the accompanying copy of the <u>PLAINTIFF'S ORIGINAL PETITION</u>, at the following times and places:

| Name | Date | Time | Full Address of Service |
|------|------|------|------------------------|
| BASS, JOSHUA | 5/8/2025 | 3:30PM | 1200 BAKER ST HOUSTON TX 77002 |

Fee Due $    0.00

by Deputy <u>ROBERTA CUELLAR - JC64</u>
                Printed                *R. Cuellar*

Deputy Signature   _____

Attempts:          1

Total Attempts:    1

**Alan Rosen , Constable Precinct #1**

**Harris County Texas**

1302 Preston, 3rd Floor
Houston Texas 77002
7137555200



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 12, 2025

Certified Document Number:        120566729 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**EXHIBIT C**

**Unexecuted Service
Returns**

**HCDistrictclerk.com**     KEN BROWN (INDIVIDUALLY AND ON BEHALF OF         6/23/2025
MINORS B, vs. HARRIS COUNTY
Cause: 202519802        CDI: 7       Court: 281

## NOTICES

No Notices found.

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION (CERTIFIED) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | HARRIS COUNTY BY SERVING COUNTY JUDGE LINDA HIDALGO | 3/19/2025 | 4/1/2025 | | | | 74459524 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVED: PAPER SERVED NO SERVED DATE | ORIGINAL PETITION | GONZALEZ, ED (SHERIFF) | 3/19/2025 | 4/1/2025 | | | | 74459547 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | STENSLAND, MATTHEW | 3/19/2025 | 4/1/2025 | | | | 74459548 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | VILLANUEVA, ADOLFO | 3/19/2025 | 4/1/2025 | | | | 74459549 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | BASS, JOSHUA | 3/19/2025 | 4/1/2025 | | | | 74459553 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | CASMER, CIARA | 3/19/2025 | 4/1/2025 | | | | 74459554 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION (CERTIFIED) | SERVICE ASSIGNED TO CLERK/NOT ISSUED | ORIGINAL PETITION | CASMER, CIARA | 3/19/2025 | | | | | 74459556 | CVC/CTM SVCE BY CERTIFIED MAIL |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | STENSLAND, MATTHEW | 3/19/2025 | 5/6/2025 | 5/28/2025 | 5/28/2025 | 5/12/2025 | 74476317 | CONST 1 ALAN ROSEN |
| CITATION | SERVICE RETURNED/UNEXECUTED | ORIGINAL PETITION | VILLANUEVA, ADOLFO | 3/19/2025 | 5/6/2025 | | 6/5/2025 | 5/12/2025 | 74476321 | CONST 1 ALAN ROSEN |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | BASS, JOSHUA | 3/19/2025 | 5/6/2025 | 6/13/2025 | 6/13/2025 | 5/12/2025 | 74476323 | CONST 1 ALAN ROSEN |
| CITATION | SERVICE RETURNED/UNEXECUTED | ORIGINAL PETITION | CASMER, CIARA | 3/19/2025 | 5/6/2025 | | 5/15/2025 | 5/16/2025 | 74476327 | CONST 1 ALAN ROSEN |

CAUSE NO. 202519802
RECEIPT NO. 1071004
********** 85.00    CO1
TR # 74476321

PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))     In The   281st
    vs.     Judicial District Court
DEFENDANT: HARRIS COUNTY     of Harris County, Texas
    281ST DISTRICT COURT
    CITATION     Houston, TX

THE STATE OF TEXAS
County of Harris

**FILED**
Marilyn Burgess
District Clerk

1731 HUGH RD
HOUSTON, TX 77067

TO: VILLANUEVA, ADOLFO (DEPUTY)
1200 BAKER STREET   HOUSTON TX 77002

Time: JUN 09 2025
9:00 AM
By _____
Harris County, Texas
Mail Processing Clerk

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>19th day of March, 2025</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

    This citation was issued on 6th day of May, 2025, under my hand and
seal of said Court.

<u>Issued at request of:</u>
LEWIS, U A
PO BOX 27353
HOUSTON, TX 77227
Tel: (713) 570-6555
<u>Bar No.:</u> 24076511

*Marilyn Burgess*

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELLE
M39//12844986

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the

_____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____

FEE: $_____

_____

_____ of _____County, Texas

    By _____
Affiant                Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

_____
Notary Public

PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))
vs.
DEFENDANT: HARRIS COUNTY

In The 281st
Judicial District Court
of Harris County, Texas
281ST DISTRICT COURT
Houston, TX

CITATION

DELIVERED THIS___DAY OF___20___
MARK HERMAN, Constable
Precinct 4, Harris County, Texas
By: _____

THE STATE OF TEXAS
County of Harris

**FILED**
Marilyn Burgess
District Clerk
JUN 09 2025
Time: _____
Harris County, Texas
By _____
Mail Processing Clerk

TO: VILLANUEVA, ADOLFO (DEPUTY)
1200 BAKER STREET     HOUSTON TX 77002

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 19th day of March, 2025, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

This citation was issued on 6th day of May, 2025, under my hand and seal of said Court.

Issued at request of:
LEWIS, U A
PO BOX 27353
HOUSTON, TX 77227
Tel: (713) 570-6555
Bar No.: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELE
M39//12844986

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____.M., on the _____ day of _____, _____

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the

_____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____County, Texas

_____              By _____
        Affiant                                    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

*Official copy of Office only Marilyn Burgess District Clerk*

**Transfer to Precinct 4**

Cause #: <u>202519802</u>                                                      Tracking #: <u>74476321</u>

In the case of <u>KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))</u> VS <u>HARRIS COUNTY</u> a <u>CITATION</u> and attached <u>PLAINTIFF'S ORIGINAL PETITION</u> was issued by the <u>281st Judicial District</u> court of <u>HARRIS</u> County, TX and came to hand on the <u>15</u> day of <u>May</u> , <u>2025</u> at <u>8:37AM</u> to be delivered at <u>5749 S LOOP E</u> , <u>HOUSTON</u> , TX <u>77033</u> by delivering to: <u>VILLANUEVA, ADOLFO</u>

**(Attempted service at 5749 S LOOP E, HOUSTON, TX, 77033 unless otherwise noted.)**

| Date | Time | Deputy Name | Agency | Service Attempt Type | Attempted Address | Remarks |
|------|------|-------------|--------|----------------------|-------------------|---------|
| 5/16/2025 | 3:44:03 PM | THOMAS CHADWICK | 7 | OTHER | 5749 S LOOP E HOUSTON TX 77033 | BAD ADDRESS. NEW ADDRESS: 1731 HUGH RD. HOUSTON, TX 77067. TRANSFER TO PCT#4 |
| 5/15/2025 | 6:05:00 AM | ROBERTA CUELLAR | 1 | OTHER | 5749 S LOOP E HOUSTON TX 77033 | TRANSFER TO HC PCT 7...KEY MAP 534P |
| 5/14/2025 | 4:11:27 PM | ROBERTA CUELLAR | 1 | PHONE CALL / EMAIL | 1200 BAKER ST HOUSTON TX 77002 | CALLED ADMIN ASSISTANT PATROL DIVISION, WHO PROVIDED ALT SERVICE ADDRESS FOR VILLANUEVA...5749 S LOOP EAST, HOUSTON, TEXAS 77033 |
| 5/14/2025 | 4:02:51 PM | ROBERTA CUELLAR | 1 | PHONE CALL / EMAIL | 1200 BAKER ST HOUSTON TX 77002 | RECEIVED CALL FROM HCSO LEGAL DEPT (346) 286-1557, WHO STATED EACH HCSO DEPUTY MUST BE SERVED INDIVIDUAL AT THEIR WORK STATION |
| 5/8/2025 | 3:31:06 PM | ROBERTA CUELLAR | 1 | SERVED | 1200 BAKER ST HOUSTON TX 77002 | SERVED BY EMAIL REFERENCE S161795-050825 |

Fee Due $ _____0.00_____

by Deputy  <u>THOMAS CHADWICK</u>
       Printed

Deputy Signature

Attempts: _____

Total Attempts: ____5____

**James "Smokie" Phillips, Jr , Constable**
**Precinct #7**
**Harris County Texas**

5290 Griggs Road
Houston Texas 77021
7136436118

Unofficial Copy Office of Marilyn Burgess District Clerk

**Transfer to Precinct 7**

Cause #: <u>202519802</u>                                                    Tracking #: <u>74476321</u>

In the case of <u>KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))</u> VS <u>HARRIS COUNTY</u> a <u>CITATION</u> and attached <u>PLAINTIFF'S ORIGINAL PETITION</u> was issued by the <u>281st Judicial District</u> court of <u>HARRIS</u> County, TX and came to hand on the <u>7</u> day of <u>May</u>, <u>2025</u> at <u>11:55AM</u> to be delivered at <u>5749 S LOOP E</u>, <u>HOUSTON</u>, TX <u>77033</u> by delivering to: <u>VILLANUEVA, ADOLFO</u>

**(Attempted service at 5749 S LOOP E, HOUSTON, TX, 77033 unless otherwise noted.)**

| Date | Time | Deputy Name | Agency | Service Attempt Type | Attempted Address | Remarks |
|------|------|-------------|--------|---------------------|-------------------|---------|
| 5/15/2025 | 6:05:00 AM | ROBERTA CUELLAR | 1 | OTHER | 5749 S LOOP E HOUSTON TX 77033 | TRANSFER TO HC PCT 7...KEY MAP 534P |
| 5/14/2025 | 4:11:27 PM | ROBERTA CUELLAR | 1 | PHONE CALL / EMAIL | 1200 BAKER ST HOUSTON TX 77002 | CALLED ADMIN ASSISTANT PATROL DIVISION, WHO PROVIDED ALT SERVICE ADDRESS FOR VILLANUEVA...5749 S LOOP EAST, HOUSTON, TEXAS 77033 |
| 5/14/2025 | 4:02:51 PM | ROBERTA CUELLAR | 1 | PHONE CALL / EMAIL | 1200 BAKER ST HOUSTON TX 77002 | RECEIVED CALL FROM HCSO LEGAL DEPT (346) 286-1557, WHO STATED EACH HCSO DEPUTY MUST BE SERVED INDIVIDUAL AT THEIR WORK STATION |
| 5/8/2025 | 3:31:06 PM | ROBERTA CUELLAR | 1 | SERVED | 1200 BAKER ST HOUSTON TX 77002 | SERVED BY EMAIL REFERENCE S161795-050825 |

Fee Due $ <u>0.00</u>

by Deputy <u>ROBERTA CUELLAR - 1C64</u>
                Printed

Deputy Signature   *R. Cuellar*

Attempts:              <u>4</u>

Total Attempts:      <u>4</u>

**Alan Rosen , Constable Precinct #1**

**Harris County Texas**

1302 Preston, 3rd Floor
Houston Texas 77002
7137555200

# Constable Return of Individual

Cause #: <u>202519802</u>                                                                  Tracking #: <u>74476321</u>

In the case of <u>KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))</u> VS <u>HARRIS COUNTY</u> a <u>CITATION</u> and attached <u>PLAINTIFF'S ORIGINAL PETITION</u> was issued by the <u>281st Judicial District</u> court of <u>HARRIS</u> County, <u>TX</u> and came to hand on the <u>19</u> day of <u>May</u>, <u>2025</u> at <u>9:15AM</u> to be delivered at <u>1731 HUGH RD</u>, <u>HOUSTON</u>, TX <u>77067</u> by delivering to: <u>VILLANUEVA, ADOLFO</u>

## Attempted Service
**(Attempted service at 1731 HUGH RD, HOUSTON, TX, 77067 unless otherwise noted.)**

| Date | Time | Deputy Name | Agency | Service Attempt Type | Attempted Address | Remarks |
|------|------|-------------|--------|----------------------|-------------------|---------|
| 6/5/2025 | 5:10:52 AM | KENDALL GUILLORY | 4 | RTC UNSERVED | 1731 HUGH RD HOUSTON TX 77067 | I MADE SEVERAL ATTEMPTS TO CONTACT MR. VILLANUEVA. I LEFT NUMEROUS BUSINESS CARDS AT HIS PLACE OF EMPLOYMENT AND CONTACTED HIM VIA CELL PHONE AND EMAIL, BUT HE NEVER RESPONDED. |
| 6/5/2025 | 5:03:30 AM | KENDALL GUILLORY | 4 | NO ANSWER/LEFT CARD | 1731 HUGH RD HOUSTON TX 77067 | |
| 5/28/2025 | 6:39:31 PM | KENDALL GUILLORY | 4 | NO ANSWER/LEFT CARD | 1731 HUGH RD HOUSTON TX 77067 | |
| 5/27/2025 | 9:35:00 AM | KENDALL GUILLORY | 4 | NO ANSWER/LEFT CARD | 1731 HUGH RD - HOUSTON, TX 77067 | |
| 5/23/2025 | 6:53:00 AM | KENDALL GUILLORY | 4 | NOT IN/LEFT CARD | 1731 HUGH RD - HOUSTON, TX 77067 | |
| 5/22/2025 | 6:44:00 AM | KENDALL GUILLORY | 4 | NO ANSWER/LEFT CARD | 1731 HUGH RD - HOUSTON, TX 77067 | |
| 5/21/2025 | 11:40:00 AM | KENDALL GUILLORY | 4 | NOT IN/LEFT CARD | 1731 HUGH RD - HOUSTON, TX 77067 | |
| 5/16/2025 | 3:44:03 PM | THOMAS CHADWICK | 7 | OTHER | 5749 S LOOP E HOUSTON TX 77033 | BAD ADDRESS. NEW ADDRESS: 1731 HUGH RD. HOUSTON, TX 77067. TRANSFER TO PCT#4 |
| 5/15/2025 | 6:05:00 AM | ROBERTA CUELLAR | 1 | OTHER | 5749 S LOOP E HOUSTON TX 77033 | TRANSFER TO HC PCT 7...KEY MAP 534P |

Unofficial Copy Office of Marilyn Burgess District Clerk

## Constable Return of Individual

Cause #: <u>202519802</u>

Tracking #: <u>74476321</u>

| 5/14/2025 | 4:11:27 PM | ROBERTA CUELLAR | 1 | PHONE CALL / EMAIL | 1200 BAKER ST HOUSTON TX 77002 | CALLED ADMIN ASSISTANT PATROL DIVISION, WHO PROVIDED ALT SERVICE ADDRESS FOR VILLANUEVA...5749 S LOOP EAST, HOUSTON, TEXAS 77033 |
|---|---|---|---|---|---|---|
| 5/14/2025 | 4:02:51 PM | ROBERTA CUELLAR | 1 | PHONE CALL / EMAIL | 1200 BAKER ST HOUSTON TX 77002 | RECEIVED CALL FROM HCSO LEGAL DEPT (346) 286-1557, WHO STATED EACH HCSO DEPUTY MUST BE SERVED INDIVIDUAL AT THEIR WORK STATION |
| 5/8/2025 | 3:31:06 PM | ROBERTA CUELLAR | 1 | SERVED | 1200 BAKER ST HOUSTON TX 77002 | SERVED BY EMAIL REFERENCE S161795-050825 |

NOT EXECUTED to the defendant: VILLANUEVA, ADOLFO

The information received as to the whereabouts of the said defendant being: UNKNOWN

Fee Due $ _____ 0.00

by Deputy <u>KENDALL GUILLORY - I09</u>
Printed

Deputy Signature _____

Attempts: _____ 7

Total Attempts: _____ 12

**Mark Herman , Constable Precinct #4**

**Harris County Texas**

330 Meadowfern Dr.
Houston Texas 77067
832.927.6108

# 2025-19802 / Court: 281

CASE NO._____

| | | |
|---|---|---|
| KEN BROWN, INDIVIDUALLY AND ON BEHALF OF MINORS K.B., I; AND K.B., II PLAINTIFFS, | § § § § | IN THE DISTRICT COURT |
| | § | _____ JUDICIAL DISTRICT |
| V. | § § | |
| HARRIS COUNTY, TEXAS, SHERIFF ED GONZALEZ, MATTHEW STENSLAND, ADOLFO VILLANUEVA, JOSHUA BASS AND CIARA CASMER, DEFENDANTS. | § § § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Ken Brown, Jr. individually and on behalf of minor children K.B.I, ("KBI") and K.B. II, ("KBII") files this Complaint and Request for Jury Demand, and in support of his claims against Harris County, Ed Gonzalez, in his individual and official capacity, Ciara Casmer in her individual and official capacity and Matthew Stensland in his individual and official capacity. Plaintiff alleges the following:

## I. NATURE OF CASE

This is a civil action arising as a result of Plaintiff and his children's deprivation of

their constitutional rights and liberties to be free of excessive, unreasonable use of force, and unlawful arrest pursuant to the Fourth and Fourteenth Amendments of the Constitution of the United States by Defendants, state actors, who were acting under the color of law at the time Plaintiff and his son's rights were violated as set forth in the Civil Rights Act, Title 42 of the United States Code §§1981, 1983, and 1988.

## II. PARTIES

1. Plaintiff, Ken Brown, Jr. individually and on behalf of minor children K.B.I, and K.B. II, PO Box 27353, Houston, Texas 77227

2. Defendant, Matthew Stensland, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Stensland may be found.

3. Defendant Ciara Casmer, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. She is sued in her individual capacity for liability, punitive and compensatory damages. She may be served with process at his place of employment by personal delivery

Unofficial Copy Office of Marilyn Burgess District Clerk

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Casmer may be found.

4. Defendant, Adolfo Villanueva, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Villanueva may be found.

5. Defendant, Joshua Bass, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Bass may be found.

6. Defendant, Sheriff Ed Gonzalez ("Sheriff Gonzalez"), at all times was acting under the color of state law and as the leader, agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. Sheriff Gonzalez is an individual who may be served with process at Defendant's place of employment by personal delivery

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Sheriff Ed Gonzalez may be found.

7.     Defendant, Harris County, Texas, for actions related to the actions of Harris County Sheriff's Office, ("HCSO"), a municipality in Texas.  Harris County is a "person" under 42 U.S.C. §1983 and at all times relevant to this case, acted under the color of state law.  Harris County may be served with the process by serving the Honorable Judge Lina Hildalgo, county judge of Harris County by personal delivery at Harris County, 1001 Preston St, Houston, Texas 77002, or wherever Judge Lina Hidalgo/Harris County may be found.

### III. FACTS

8.     Ken Brown was in town for his father in law's funeral with his family including his minor sons, KB,I, 16 yrs old and KB,II, 14 years old, his wife, and two other young children.

9.     The plaintiff drove his mother to a nail salon in the city he was visiting for a funeral and left his two teenage sons in his car in the salon's parking lot.

10.     While he was inside the nail shop with his mother, Deputy Matthew Stensland began harassing his sons.

11.     Deputies Stensland, Adolfo Villanueva, Joshua Bass detained Mr. Brown's teenage son and placed him in the back of his police squad car without reasonable suspicion for initiating contact with them on private property and without probable cause.

12.     KB, II did not feel free to leave although he was not handcuffed or placed in the squad car.

13.     Witnessing the officer stalking his sons, KB, I, KB, II, kidnap KB, I and put KB, I in handcuffs, his father left his mother, came out of the nail shop and told him to take his young son out of handcuffs.

14.     The deputies refused to release the teenager.

15.     None of the events occurred on public streets but in a private parking lot.

16.     He then detained and arrested their father, Ken Brown, after an illegal search of his vehicle.

17.     Officer Casmer provided a false sworn statement to secure an arrest warrant and effectuate the false arrest and imprisonment of Mr. Brown.

18.     Stensland failed to disclose that the stop occurred on private property. Mr. Brown had never received a parking ticket in the past for parking in a handicap space and was not subject to an arrest when he encountered Deputies Stensland, Adolfo Villanueva, and Joshua Bass.

19. The detainment occurred on private property and was unlawful.

20. Mr. Brown is a member of a protected class as a Black male. He and his sons were racially profiled and stalked by Stensland although he was not engaged in any criminal activity. He was simply being a respectful son.

21. Following an investigation and review of body-worn camera footage, no disciplinary action was taken, and infractions captured by said footage were deliberately disregarded.

22. Supervisors are trained, pursuant to policy, to review all deputies' statements and make sure the statements do not conflict before accepting the statements.

23. The officer witness statements must be approved by a supervising officer before it is accepted and is often returned to the officers to make changes to correct contradictions.

24. Sheriff Ed Gonzalez failed to adequately train or discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

25. Sheriff Ed Gonzalez failed to adequately discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

26. The teenagers were interrogated while detained without being advised of their Fifth Amendment right to remain silent. They admitted they do not provide warnings

Unofficial copy Office of Marilyn Burgess District Clerk

exclaiming "we don't do that, GANG GANG." Shout out to "V (likely Villareal) sparked this whole idea."

27.     The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.

28.     He specifically failed to train in the limits of stopping individuals on private property without probable cause.

29.     Deputies Stensland, Adolfo Villanueva, and Joshua Bass approached the vehicle and found that there was no driver present. The appropriate response for a car illegally parked in a disabled parking space would be a ticket issued to the registered owner.

30.     However, due to the lack of training by Gonzalez and Harris County on the limits of conducting a traffic stop or response to parking violation while on private property, this was not done. This was also the case with officer Christopher Bolin. The vehicle was illegally searched without consent. Stensland never witnessed Ken Brown inside the vehicle, yet he took custody of the firearms lawfully possessed.

31.     The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or

mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.

## IV. CLAIMS

**42 U.S.C. §1983 Constitutional Rights Violations Pursuant to the First, Fourth, and Fourteenth Amendments.**

32.     Plaintiff adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

33.     Plaintiff asserts that Stensland is liable for excessive force, unreasonable use of force, and Ed Gonzalez is liable for his failure to train, supervise, or discipline his officers. Sheriff Gonzalez failed to train Matthew Stensland and Cyara Casmer to protect individuals, like the Plaintiff, from wrongful false arrest based on false imprisonment in violation of the 4th and 14th Amendments.

34.     He further failed to train, supervise, or discipline his officers, like Stensland and Casmer to refrain from the unreasonable seizures or reasonable use of force, as a result of the sheriff's failures Mr. Brown and his children's rights were violated.

35. Defendant Harris County is liable to Plaintiffs as a result of the policy and practice of unlawful arrest. In addition Harris County failed to protect Plaintiff and his son from violation of the Fourth and Fourteenth Amendments.

36. Specifically, Defendant Harris County by and through its agents, staff, officers, or employees, violated Plaintiffs' constitutional rights to be free from unreasonable seizures and excessive force by causing injuries to Plaintiff Ken Brown as a result of the unreasonable use of force.

37. Defendant Harris County's policymaker, Sheriff Gonzales, acting under the color of state law and within the scope of its responsibilities and/or employment and authority, intentionally and with conscious, callous, deliberate indifference deprived Plaintiffs of their constitutional rights to be free from unreasonable unlawful seizure and excessive use of force by failing to train, supervise or discipline its officers.

38. As such, Plaintiff sues Harris County and its policymaker, Sheriff Gonzalez, as a state actor acting under the color of law, pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's liberty and freedom interests.

**Ratification by Harris County and Pattern/ Practice of Excessive Force**

39. Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive and with regard to all causes of action.

40.    Plaintiff had his rights violated and was injured due to the policies, practices, customs, and procedures of Harris County.

41.    Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and encouraging excessive force against suspects, inmates, and persons in their custody.

42.    No person was adequately disciplined or reprimanded after the investigation of this incident, thereby ratifying the conduct set forth above.

43.    Harris County either determined that there was partial misconduct and violation and just a menial error occurred or failed to investigate and excuse any excessive and unreasonable use of force and failure to protect from excessive and unreasonable use of force was consistent with departmental policy and created in the department and expectation of impunity for the use of excessive and unreasonable use of force and failure to protect.

44.    Defendant Harris County and its deputies have a pattern and practice of using excessive force on its citizens and failing to protect them from the use of unreasonable, excessive force.

45.    Harris County and Gonzalez failed to train and supervise its agents, staff, officers, and employees after prior past unreasonable, unconstitutional conduct that resulted in a

culture of emboldened behavior. This includes Stensland who based on this behavior herein likely had a history of complaints.

46. Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and failing to discourage its agents, staff, officers, and employees not to arrest individuals without probable cause or use excessive and unreasonable use of force against persons in its custody. Deputies Stensland, Adolfo Villanueva, Joshua Bass each failed to intervene to prevent the others violation of the constitutional rights of the plaintiffs.

47. Defendant's policies, practices, and/or customs were a moving force in causing the unconstitutional conduct alleged herein. Plaintiff intends to show that there was a failure to supervise and correct the wrongful and illegal behavior of its agents, staff, officers, and employees; there was a culture of silence and tolerance of such conduct, and there was a failure to train to result in the unreasonable force and false arrest, as well as First Amendment violation for denying his right to speech, and record.

48. The following are additional instances of false arrest, arrest made without probable cause and dismissed as a result made by Harris County deputies as a result of allowing such arrest without probable cause and not training or discipline for the false arrest, and

these failures are the moving force behind Brown's unlawful, false arrest resulting in his false imprisonment. See Appendix A.

## V. ATTORNEY'S FEES

49. Plaintiff is entitled to recover attorney's fees and costs to enforce his constitutional rights under 42 U.S.C. § 1981, 1982, 1983, 1985, and 1988 from Defendant.

## VI. DAMAGES

50. As a direct and proximate result of the occurrence made the basis of this lawsuit, Defendants' acts as described herein.

51. Plaintiffs suffered loss, and to endure anxiety, pain, injury, resulting in mental anguish and damages more fully set forth below.

52. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of their mental injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Mental anguish in the past and Mental anguish in the future;

d. Punitive damages.

e. And attorney fees

## VII. PRAYER FOR RELIEF

53.    Plaintiff prays for judgment on his behalf against Defendant and asks this Court, after impaneling a jury and accepting the presentation of evidence, to enter judgment in favor of Plaintiff and against Defendant and to be identified in at least the following particulars:

A. Enter judgment for Plaintiffs against each Defendant jointly and severally;

B. Find that Plaintiff is the prevailing party in this case and award attorney's fees and costs, pursuant to state and federal law, as noted against each Defendant;

C. Award damages to Plaintiffs for the violation of his Constitutional rights claims;

D. Award pre-and post-judgment interest;

E. Award punitive damages against Defendants;

F. Cost of court; and

G. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully submitted,
By:/s/ U.A. Lewis
U.A. Lewis
SBN: 24076511
FBN: 1645666
The Lewis Law Group
P.O. Box 27353

Houston, TX 77227
Phone: (713) 570-6555
Fax: (713) 581-1017
MyAttorneyAtLaw@gmail.com
Attorneys for Plaintiffs

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Clerk

Page 998 (902)

CAUSE NO. 202519802
RECEIPT NO. 1071004
**********

1C64   P19
Paupers

85.00   CCi

TR # 74476327

PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))
vs.
DEFENDANT: HARRIS COUNTY

In The   281st
Judicial District Court
of Harris County, Texas
281ST DISTRICT COURT
Houston, TX   6TH FLR

CITATION

THE STATE OF TEXAS
County of Harris

Megan Scott
(713) 274
5816
4PM - 12AM

2025 MAY -7 PM 12: 0

CRISTELE CIRCE
HARRIS COUNTY
TEXAS

TO: CASMER, CIARA
   1200 BAKER STREET   HOUSTON TX 77002
   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 19th day of March, 2025, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

   This citation was issued on 6th day of May, 2025, under my hand and seal of said Court.

5-16-25

**FILED**
Marilyn Burgess
District Clerk

MAY 16 2025
Time: 3:00pm
Harris County, Texas
By _____
Mail Processing Clerk

Issued at request of:
LEWIS, U A
PO BOX 27353
HOUSTON, TX  77227
Tel: (713) 570-6555
Bar No.: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELE
M39//12844986

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the

_____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____County, Texas

_____   By _____
        Affiant                                Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

_____
Notary Public

*74476327*

CAUSE NO. 202519802  ENTERED   QS
RECEIPT NO. 1071004  VERIFIED   85.00   C01
**********   TR # 74476327

PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K | In The   281st
(I) & B, K (II))                                                | Judicial District Court
                          vs.                                   | of Harris County, Texas
DEFENDANT: HARRIS COUNTY                                        | 281ST DISTRICT COURT
                                                               | Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

                                          Delivery this____ day of_____, 20__
TO: CASMER, CIARA                          ALAN ROSEN, Constable
1200 BAKER STREET   HOUSTON TX 77002       Precinct #1, Harris County
Attached is a copy of PLAINTIFF'S ORIGINAL PETITION   By_____

This instrument was filed on the 19th day of March, 2025, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

     This citation was issued on 6th day of May, 2025, under my hand and
seal of said Court.

                                                        **FILED**
                                                     Marilyn Burgess
                                                     District Clerk

                                                     MAY 16 2025
Issued at request of:                                Time:_____ 8:00 am
LEWIS, U A                          MARILYN BURGESS, District Clerk   Harris County, Texas
PO BOX 27353                        Harris County, Texas              By_____
HOUSTON, TX  77227                  201 Caroline, Houston, Texas 77002   Mail Processing Clerk
Tel: (713) 570-6555                 (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 24076511

                                    Generated By: MCCARTY, TALITHA ROCHELE
                                    M39//12844986

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M.) on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the

_____. Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                    _____

                                    _____ of _____County, Texas

_____        By _____
        Affiant                                   Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                            Notary Public

*74476327*

# Constable Return of Individual

Cause #: <u>202519802</u>                                           Tracking #: <u>74476327</u>

In the case of <u>KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II))</u> VS <u>HARRIS COUNTY</u> a <u>CITATION</u> and attached <u>PLAINTIFF'S ORIGINAL PETITION</u> was issued by the <u>281st Judicial District</u> court of <u>HARRIS</u> County, TX and came to hand on the <u>7</u> day of <u>May</u>, <u>2025</u> at <u>11:52AM</u> to be delivered at <u>1201 FRANKLIN ST 2ND FLR</u>, <u>HOUSTON</u>, TX <u>77002</u> by delivering to: <u>CASMER, CIARA</u>

## Attempted Service

**(Attempted service at 1201 FRANKLIN ST, 2ND FLR, HOUSTON, TX, 77002 unless otherwise noted.)**

| Date | Time | Deputy Name | Agency | Service Attempt Type | Attempted Address | Remarks |
|---|---|---|---|---|---|---|
| 5/14/2025 | 5:13:17 PM | ROBERTA CUELLAR | 1 | RTC UNSERVED | 1201 FRANKLIN ST 2ND FLR HOUSTON TX 77002 | UNABLE TO EXECUTED |
| 5/14/2025 | 5:07:20 PM | ROBERTA CUELLAR | 1 | BAD ADDRESS | 1201 FRANKLIN ST 2ND FLR HOUSTON TX 77002 | SPOKE WITH HC DA, MEGAN SCOTT, WHO REFUSED TO ACCEPT SERVICE ON BEHALF OF CASMER (ASST). CASMER IS LISTED AS AN OFFICER; INFORMATION IS NOT ACCURATE. UNABLE TO SERVE. MAKE NOTATIONS AND RTC UNSERVED |
| 5/13/2025 | 10:13:00 AM | ROBERTA CUELLAR | 1 | NOT IN | 1201 FRANKLIN ST 2ND FLR HOUSTON TX 77002 | SPOKE WITH EMPLOYEE, FEMALE, WHO STATED DEF WAS OFF BUT WILL BE ON DUTY TOMORROW, 4PM - 12AM AND WEEKENDS ONLY. WILL MAKE CONTACT TOMORROW AFTER 4PM |
| 5/13/2025 | 10:10:00 AM | ROBERTA CUELLAR | 1 | BAD ADDRESS | 1201 FRANKLIN ST 6TH FLR HOUSTON TX 77002 | SPOKE WITH HC DA, SECRETARY, STATED DEF WAS ASSIGNED TO THE INTAKE, 2ND FLR, LOCATED 1201 FRANKLIN |

NOT EXECUTED to the defendant: CASMER, CIARA

The information received as to the whereabouts of the said defendant being:

**Constable Return of Individual**

Cause #: <u>202519802</u>

Tracking #: <u>74476327</u>

Fee Due $ <u>0.00</u>

by Deputy <u>ROBERTA CUELLAR - 1C64</u>
Printed

Deputy Signature *R. Cuellar*

Attempts: <u>4</u>

Total Attempts: <u>4</u>

**Alan Rosen , Constable Precinct #1**

**Harris County Texas**

1302 Preston, 3rd Floor
Houston Texas 77002
7137555200

Unofficial Copy Office of Marilyn Burgess District Clerk

# 2025-19802 / Court: 281

CASE NO._____

| | | |
|---|---|---|
| KEN BROWN, INDIVIDUALLY AND ON BEHALF OF MINORS K.B., I; AND K.B., II PLAINTIFFS, | § § § § | IN THE DISTRICT COURT |
| | § | _____ JUDICIAL DISTRICT |
| V. | § § | |
| HARRIS COUNTY, TEXAS, SHERIFF ED GONZALEZ, MATTHEW STENSLAND, ADOLFO VILLANUEVA, JOSHUA BASS AND CIARA CASMER, DEFENDANTS. | § § § § § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Ken Brown, Jr. individually and on behalf of minor children K.B.I, ("KBI") and K.B. II, ("KBII") files this Complaint and Request for Jury Demand, and in support of his claims against Harris County, Ed Gonzalez, in his individual and official capacity, Ciara Casmer in her individual and official capacity and Matthew Stensland in his individual and official capacity. Plaintiff alleges the following:

## I. NATURE OF CASE

This is a civil action arising as a result of Plaintiff and his children's deprivation of

their constitutional rights and liberties to be free of excessive, unreasonable use of force, and unlawful arrest pursuant to the Fourth and Fourteenth Amendments of the Constitution of the United States by Defendants, state actors, who were acting under the color of law at the time Plaintiff and his son's rights were violated as set forth in the Civil Rights Act, Title 42 of the United States Code §§1981, 1983, and 1988.

## II. PARTIES

1. Plaintiff, Ken Brown, Jr. individually and on behalf of minor children K.B.I, and K.B. II, PO Box 27353, Houston, Texas 77227

2. Defendant, Matthew Stensland, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Stensland may be found.

3. Defendant Ciara Casmer, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. She is sued in her individual capacity for liability, punitive and compensatory damages. She may be served with process at his place of employment by personal delivery

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Casmer may be found.

4. Defendant, Adolfo Villanueva, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Villanueva may be found.

5. Defendant, Joshua Bass, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Bass may be found.

6. Defendant, Sheriff Ed Gonzalez ("Sheriff Gonzalez"), at all times was acting under the color of state law and as the leader, agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. Sheriff Gonzalez is an individual who may be served with process at Defendant's place of employment by personal delivery

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Sheriff Ed Gonzalez may be found.

7. Defendant, Harris County, Texas, for actions related to the actions of Harris County Sheriff's Office, ("HCSO"), a municipality in Texas. Harris County is a "person" under 42 U.S.C. §1983 and at all times relevant to this case, acted under the color of state law. Harris County may be served with the process by serving the Honorable Judge Lina Hildalgo, county judge of Harris County by personal delivery at Harris County, 1001 Preston St, Houston, Texas 77002, or wherever Judge Lina Hidalgo/Harris County may be found.

## III. FACTS

8. Ken Brown was in town for his father in law's funeral with his family including his minor sons, KB,I, 16 yrs old and KB,II, 14 years old, his wife, and two other young children.

9. The plaintiff drove his mother to a nail salon in the city he was visiting for a funeral and left his two teenage sons in his car in the salon's parking lot.

10. While he was inside the nail shop with his mother, Deputy Matthew Stensland began harassing his sons.

11.    Deputies Stensland, Adolfo Villanueva, Joshua Bass detained Mr. Brown's teenage son and placed him in the back of his police squad car without reasonable suspicion for initiating contact with them on private property and without probable cause.

12.    KB, II did not feel free to leave although he was not handcuffed or placed in the squad car.

13.    Witnessing the officer stalking his sons, KB, I, KB, II, kidnap KB, I and put KB, I in handcuffs, his father left his mother, came out of the nail shop and told him to take his young son out of handcuffs.

14.    The deputies refused to release the teenager.

15.    None of the events occurred on public streets but in a private parking lot.

16.    He then detained and arrested their father, Ken Brown, after an illegal search of his vehicle.

17.    Officer Casmer provided a false sworn statement to secure an arrest warrant and effectuate the false arrest and imprisonment of Mr. Brown.

18.    Stensland failed to disclose that the stop occurred on private property. Mr. Brown had never received a parking ticket in the past for parking in a handicap space and was not subject to an arrest when he encountered Deputies Stensland, Adolfo Villanueva, and Joshua Bass.

19.    The detainment occurred on private property and was unlawful.

20.    Mr. Brown is a member of a protected class as a Black male. He and his sons were racially profiled and stalked by Stensland although he was not engaged in any criminal activity. He was simply being a respectful son.

21.    Following an investigation and review of body-worn camera footage, no disciplinary action was taken, and infractions captured by said footage were deliberately disregarded.

22.    Supervisors are trained, pursuant to policy, to review all deputies' statements and make sure the statements do not conflict before accepting the statements.

23.    The officer witness statements must be approved by a supervising officer before it is accepted and is often returned to the officers to make changes to correct contradictions.

24.    Sheriff Ed Gonzalez failed to adequately train or discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

25.    Sheriff Ed Gonzalez failed to adequately discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

26.    The teenagers were interrogated while detained without being advised of their Fifth Amendment right to remain silent. They admitted they do not provide warnings

Unofficial Copy Office of Marilyn Burgess District Clerk

exclaiming "we don't do that, GANG GANG." Shout out to "V (likely Villareal) sparked this whole idea."

27.    The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.

28.    He specifically failed to train in the limits of stopping individuals on private property without probable cause.

29.    Deputies Stensland, Adolfo Villanueva, and Joshua Bass approached the vehicle and found that there was no driver present. The appropriate response for a car illegally parked in a disabled parking space would be a ticket issued to the registered owner.

30.    However, due to the lack of training by Gonzalez and Harris County on the limits of conducting a traffic stop or response to parking violation while on private property, this was not done. This was also the case with officer Christopher Bolin. The vehicle was illegally searched without consent. Stensland never witnessed Ken Brown inside the vehicle, yet he took custody of the firearms lawfully possessed.

31.    The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or

mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.

## IV. CLAIMS

**42 U.S.C. §1983 Constitutional Rights Violations Pursuant to the First, Fourth, and Fourteenth Amendments.**

32. Plaintiff adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

33. Plaintiff asserts that Stensland is liable for excessive force, unreasonable use of force, and Ed Gonzalez is liable for his failure to train, supervise, or discipline his officers. Sheriff Gonzalez failed to train Matthew Stensland and Cyara Casmer to protect individuals, like the Plaintiff, from wrongful false arrest based on false imprisonment in violation of the 4th and 14th Amendments.

34. He further failed to train, supervise, or discipline his officers, like Stensland and Casmer to refrain from the unreasonable seizures or reasonable use of force, as a result of the sheriff's failures Mr. Brown and his children's rights were violated.

35.     Defendant Harris County is liable to Plaintiffs as a result of the policy and practice of unlawful arrest. In addition Harris County failed to protect Plaintiff and his son from violation of the Fourth and Fourteenth Amendments.

36.     Specifically, Defendant Harris County by and through its agents, staff, officers, or employees, violated Plaintiffs' constitutional rights to be free from unreasonable seizures and excessive force by causing injuries to Plaintiff Ken Brown as a result of the unreasonable use of force.

37.     Defendant Harris County's policymaker, Sheriff Gonzales, acting under the color of state law and within the scope of its responsibilities and/or employment and authority, intentionally and with conscious, callous, deliberate indifference deprived Plaintiffs of their constitutional rights to be free from unreasonable unlawful seizure and excessive use of force by failing to train, supervise or discipline its officers.

38.     As such, Plaintiff sues Harris County and its policymaker, Sheriff Gonzalez, as a state actor acting under the color of law, pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's liberty and freedom interests.

**Ratification by Harris County and Pattern/ Practice of Excessive Force**

39.     Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive and with regard to all causes of action.

40. Plaintiff had his rights violated and was injured due to the policies, practices, customs, and procedures of Harris County.

41. Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and encouraging excessive force against suspects, inmates, and persons in their custody.

42. No person was adequately disciplined or reprimanded after the investigation of this incident, thereby ratifying the conduct set forth above.

43. Harris County either determined that there was partial misconduct and violation and just a menial error occurred or failed to investigate and excuse any excessive and unreasonable use of force and failure to protect from excessive and unreasonable use of force was consistent with departmental policy and created in the department and expectation of impunity for the use of excessive and unreasonable use of force and failure to protect.

44. Defendant Harris County and its deputies have a pattern and practice of using excessive force on its citizens and failing to protect them from the use of unreasonable, excessive force.

45. Harris County and Gonzalez failed to train and supervise its agents, staff, officers, and employees after prior past unreasonable, unconstitutional conduct that resulted in a

culture of emboldened behavior. This includes Stensland who based on this behavior herein likely had a history of complaints.

46. Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and failing to discourage its agents, staff, officers, and employees not to arrest individuals without probable cause or use excessive and unreasonable use of force against persons in its custody. Deputies Stensland, Adolfo Villanueva, Joshua Bass each failed to intervene to prevent the others' violation of the constitutional rights of the plaintiffs.

47. Defendant's policies, practices, and/or customs were a moving force in causing the unconstitutional conduct alleged herein. Plaintiff intends to show that there was a failure to supervise and correct the wrongful and illegal behavior of its agents, staff, officers, and employees; there was a culture of silence and tolerance of such conduct, and there was a failure to train to result in the unreasonable force and false arrest, as well as First Amendment violation for denying his right to speech, and record.

48. The following are additional instances of false arrest, arrest made without probable cause and dismissed as a result made by Harris County deputies as a result of allowing such arrest without probable cause and not training or discipline for the false arrest, and

these failures are the moving force behind Brown's unlawful, false arrest resulting in his false imprisonment. See Appendix A.

## V. ATTORNEY'S FEES

49.     Plaintiff is entitled to recover attorney's fees and costs to enforce his constitutional rights under 42 U.S.C. § 1981, 1982, 1983, 1985, and 1988 from Defendant.

## VI. DAMAGES

50.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Defendants' acts as described herein.

51.     Plaintiffs suffered loss, and to endure anxiety, pain, injury, resulting in mental anguish and damages more fully set forth below.

52.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of their mental injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Mental anguish in the past and Mental anguish in the future;

d. Punitive damages.

e. And attorney fees

## VII. PRAYER FOR RELIEF

53.     Plaintiff prays for judgment on his behalf against Defendant and asks this Court, after impaneling a jury and accepting the presentation of evidence, to enter judgment in favor of Plaintiff and against Defendant and to be identified in at least the following particulars:

A. Enter judgment for Plaintiffs against each Defendant jointly and severally;

B. Find that Plaintiff is the prevailing party in this case and award attorney's fees and costs, pursuant to state and federal law, as noted against each Defendant;

C. Award damages to Plaintiffs for the violation of his Constitutional rights claims;

D. Award pre-and post-judgment interest;

E. Award punitive damages against Defendants;

F. Cost of court; and

G. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully submitted,
By:/s/ U.A. Lewis
U.A. Lewis
SBN: 24076511
FBN: 1645666
The Lewis Law Group
P.O. Box 27353

Houston, TX 77227
Phone: (713) 570-6555
Fax: (713) 581-1017
MyAttorneyAtLaw@gmail.com
Attorneys for Plaintiffs

(713) 074.3856

1201

Franklin

Unofficial Copy Office of Marilyn Burgess District Clerk

2025- 19802

P-18



**MARILYN BURGESS**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

CERTIFIED MAIL



7019 2970 0001 3511 4239



US POSTAGE

281st

HARRIS COUNTY
C/O COUNTY JUDGE LINA HIDALGO
1011 PRESTON STREET, SUITE 911
HOUSTON, TX 77002

MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2025 APR 10 AM 7: 55

4-10-25

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.



PLEASE PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HARRIS COUNTY
C/O COUNTY JUDGE LINA HIDALGO
1011 PRESTON STREET, SUITE 911
HOUSTON, TX 77002

2025 19802 281st

9590 9402 4975 9063 0140 82

2. Article Number (Transfer from service label)

7019 2970 0001 3551 4239

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 202519802

RECEIPT NO. 1066276       85.00    CTM
********        TR # 74459524

| | |
|---|---|
| PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II)) <br> vs. <br> DEFENDANT: HARRIS COUNTY | In The  281st <br> Judicial District Court <br> of Harris County, Texas <br> 281ST DISTRICT COURT <br> Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY BY SERVING COUNTY JUDGE LINDA HIDALGO

   1011 PRESTON STREET   SUITE 911 HOUSTON TX 77002

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 19th day of March, 2025, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
   This citation was issued on 1st day of April, 2025, under my hand and seal of said Court.



Issued at request of:
LEWIS, U A
PO BOX 27353
HOUSTON, TX 77227
Tel: (713) 570-6555
Bar No.: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELE
M39//12815204

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION to the following addressee at address:

_____

_____
(a)ADDRESSEE

ADDRESS

_____

Service was executed in accordance with Rule 106
   (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

_____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                 *74459524*

CAUSE NO. 202519802

RECEIPT NO. 1066276          85.00     CTM
          **********        TR # 74459524

PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K | In The    281st
(I) & B, K (II))                                                | Judicial District Court
          vs.                                                   | of Harris County, Texas
DEFENDANT: HARRIS COUNTY                                        | 281ST DISTRICT COURT
                                                                | Houston, TX

                          CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris


TO: HARRIS COUNTY BY SERVING COUNTY JUDGE LINDA HIDALGO

   1011 PRESTON STREET   SUITE 911 HOUSTON TX 77002

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION


This instrument was filed on the 19th day of March, 2025, in the above cited cause number
and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
     This citation was issued on 1st day of April, 2025, under my hand and
seal of said Court.

Issued at request of:                              MARILYN BURGESS, District Clerk
LEWIS, U A                                         Harris County, Texas
PO BOX 27353                                       201 Caroline, Houston, Texas 77002
HOUSTON, TX 77227                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 570-6555
Bar No.: 24076511                                  Generated By: MCCARTY, TALITHA ROCHELE
                                                   M39//12815204

                          CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

                                          ADDRESS _____

                                          Service was executed in accordance with Rule 106
_____               (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                                  return receipt incorporated herein and attached
                                              hereto at
_____                                              -

                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____

                                          This citation was not executed for the following
                                          reason: _____
                                          _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy


N.INT.CITM.P                    *74459524*

# 2025-19802 / Court: 281

CASE NO._____

| | | |
|---|---|---|
| KEN BROWN, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF MINORS | § | |
| K.B., I; AND K.B., II | § | |
| PLAINTIFFS, | § | _____ JUDICIAL DISTRICT |
| | § | |
| V. | § | |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| SHERIFF ED GONZALEZ, | § | |
| MATTHEW STENSLAND, | § | OF HARRIS COUNTY, TEXAS |
| ADOLFO VILLANUEVA, JOSHUA | | |
| BASS AND CIARA CASMER, | | |
| DEFENDANTS. | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ken Brown, Jr. individually and on behalf of minor children K.B.I, ("KBI")

and K.B. II, ("KBII") files this Complaint and Request for Jury Demand, and in support of

his claims against Harris County, Ed Gonzalez, in his individual and official capacity, Ciara

Casmer in her individual and official capacity and Matthew Stensland in his individual and

official capacity. Plaintiff alleges the following:

### I.NATURE OF CASE

This is a civil action arising as a result of Plaintiff and his children's deprivation of

their constitutional rights and liberties to be free of excessive, unreasonable use of force, and unlawful arrest pursuant to the Fourth and Fourteenth Amendments of the Constitution of the United States by Defendants, state actors, who were acting under the color of law at the time Plaintiff and his son's rights were violated as set forth in the Civil Rights Act, Title 42 of the United States Code §§1981, 1983, and 1988.

## II. PARTIES

1. Plaintiff, Ken Brown, Jr. individually and on behalf of minor children K.B.I, and K.B. II, PO Box 27353, Houston, Texas 77227

2. Defendant, Matthew Stensland, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Stensland may be found.

3. Defendant Ciara Casmer, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. She is sued in her individual capacity for liability, punitive and compensatory damages. She may be served with process at his place of employment by personal delivery

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Casmer may be found.

4. Defendant, Adolfo Villanueva, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Villanueva may be found.

5. Defendant, Joshua Bass, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Bass may be found.

6. Defendant, Sheriff Ed Gonzalez ("Sheriff Gonzalez"), at all times was acting under the color of state law and as the leader, agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. Sheriff Gonzalez is an individual who may be served with process at Defendant's place of employment by personal delivery

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Sheriff Ed Gonzalez may be found.

7.   Defendant, Harris County, Texas, for actions related to the actions of Harris County Sheriff's Office, ("HCSO"), a municipality in Texas. Harris County is a "person" under 42 U.S.C. §1983 and at all times relevant to this case, acted under the color of state law. Harris County may be served with the process by serving the Honorable Judge Lina Hildalgo, county judge of Harris County by personal delivery at Harris County, 1001 Preston St, Houston, Texas 77002, or wherever Judge Lina Hidalgo/Harris County may be found.

### III. FACTS

8.   Ken Brown was in town for his father in law's funeral with his family including his minor sons, KB,I, 16 yrs old and KB,II, 14 years old, his wife, and two other young children.

9.   The plaintiff drove his mother to a nail salon in the city he was visiting for a funeral and left his two teenage sons in his car in the salon's parking lot.

10.  While he was inside the nail shop with his mother, Deputy Matthew Stensland began harassing his sons.

11.     Deputies Stensland, Adolfo Villanueva, Joshua Bass detained Mr. Brown's teenage son and placed him in the back of his police squad car without reasonable suspicion for initiating contact with them on private property and without probable cause.

12.     KB, II did not feel free to leave although he was not handcuffed or placed in the squad car.

13.     Witnessing the officer stalking his sons, KB, I, KB, II, kidnap KB, I and put KB, I in handcuffs, his father left his mother, came out of the nail shop and told him to take his young son out of handcuffs.

14.     The deputies refused to release the teenager.

15.     None of the events occurred on public streets but in a private parking lot.

16.     He then detained and arrested their father, Ken Brown, after an illegal search of his vehicle.

17.     Officer Casmer provided a false sworn statement to secure an arrest warrant and effectuate the false arrest and imprisonment of Mr. Brown.

18.     Stensland failed to disclose that the stop occurred on private property. Mr. Brown had never received a parking ticket in the past for parking in a handicap space and was not subject to an arrest when he encountered Deputies Stensland, Adolfo Villanueva, and Joshua Bass.

19.    The detainment occurred on private property and was unlawful.

20.    Mr. Brown is a member of a protected class as a Black male. He and his sons were racially profiled and stalked by Stensland although he was not engaged in any criminal activity. He was simply being a respectful son.

21.    Following an investigation and review of body-worn camera footage, no disciplinary action was taken, and infractions captured by said footage were deliberately disregarded.

22.    Supervisors are trained, pursuant to policy, to review all deputies' statements and make sure the statements do not conflict before accepting the statements.

23.    The officer witness statements must be approved by a supervising officer before it is accepted and is often returned to the officers to make changes to correct contradictions.

24.    Sheriff Ed Gonzalez failed to adequately train or discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

25.    Sheriff Ed Gonzalez failed to adequately discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

26.    The teenagers were interrogated while detained without being advised of their Fifth Amendment right to remain silent. They admitted they do not provide warnings

exclaiming "we don't do that, GANG GANG." Shout out to "V (likely Villareal) sparked this whole idea."

27.     The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.

28.     He specifically failed to train in the limits of stopping individuals on private property without probable cause.

29.     Deputies Stensland, Adolfo Villanueva, and Joshua Bass approached the vehicle and found that there was no driver present. The appropriate response for a car illegally parked in a disabled parking space would be a ticket issued to the registered owner.

30.     However, due to the lack of training by Gonzalez and Harris County on the limits of conducting a traffic stop or response to parking violation while on private property, this was not done. This was also the case with officer Christopher Bolin. The vehicle was illegally searched without consent. Stensland never witnessed Ken Brown inside the vehicle, yet he took custody of the firearms lawfully possessed.

31.     The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or

mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.


## IV. CLAIMS

**42 U.S.C. §1983 Constitutional Rights Violations Pursuant to the First, Fourth, and Fourteenth Amendments.**

32.     Plaintiff adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

33.     Plaintiff asserts that Stensland is liable for excessive force, unreasonable use of force, and Ed Gonzalez is liable for his failure to train, supervise, or discipline his officers. Sheriff Gonzalez failed to train Matthew Stensland and Cyara Casmer to protect individuals, like the Plaintiff, from wrongful false arrest based on false imprisonment in violation of the 4th and 14th Amendments.

34.     He further failed to train, supervise, or discipline his officers, like Stensland and Casmer to refrain from the unreasonable seizures or reasonable use of force, as a result of the sheriff's failures Mr. Brown and his children's rights were violated.

35.     Defendant Harris County is liable to Plaintiffs as a result of the policy and practice of unlawful arrest. In addition Harris County failed to protect Plaintiff and his son from violation of the Fourth and Fourteenth Amendments.

36.     Specifically, Defendant Harris County by and through its agents, staff, officers, or employees, violated Plaintiffs' constitutional rights to be free from unreasonable seizures and excessive force by causing injuries to Plaintiff Ken Brown as a result of the unreasonable use of force.

37.     Defendant Harris County's policymaker, Sheriff Gonzales, acting under the color of state law and within the scope of its responsibilities and/or employment and authority, intentionally and with conscious, callous, deliberate indifference deprived Plaintiffs of their constitutional rights to be free from unreasonable unlawful seizure and excessive use of force by failing to train, supervise or discipline its officers.

38.     As such, Plaintiff sues Harris County and its policymaker, Sheriff Gonzalez, as a state actor acting under the color of law, pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's liberty and freedom interests.

**Ratification by Harris County and Pattern/ Practice of Excessive Force**

39.     Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive and with regard to all causes of action.

40. Plaintiff had his rights violated and was injured due to the policies, practices, customs, and procedures of Harris County.

41. Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and encouraging excessive force against suspects, inmates, and persons in their custody.

42. No person was adequately disciplined or reprimanded after the investigation of this incident, thereby ratifying the conduct set forth above.

43. Harris County either determined that there was partial misconduct and violation and just a menial error occurred or failed to investigate and excuse any excessive and unreasonable use of force and failure to protect from excessive and unreasonable use of force was consistent with departmental policy and created in the department and expectation of impunity for the use of excessive and unreasonable use of force and failure to protect.

44. Defendant Harris County and its deputies have a pattern and practice of using excessive force on its citizens and failing to protect them from the use of unreasonable, excessive force.

45. Harris County and Gonzalez failed to train and supervise its agents, staff, officers, and employees after prior past unreasonable, unconstitutional conduct that resulted in a

culture of emboldened behavior. This includes Stensland who based on this behavior herein likely had a history of complaints.

46. Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and failing to discourage its agents, staff, officers, and employees not to arrest individuals without probable cause or use excessive and unreasonable use of force against persons in its custody. Deputies Stensland, Adolfo Villanueva, Joshua Bass each failed to intervene to prevent the others' violation of the constitutional rights of the plaintiffs.

47. Defendant's policies, practices, and/or customs were a moving force in causing the unconstitutional conduct alleged herein. Plaintiff intends to show that there was a failure to supervise and correct the wrongful and illegal behavior of its agents, staff, officers, and employees; there was a culture of silence and tolerance of such conduct, and there was a failure to train to result in the unreasonable force and false arrest, as well as First Amendment violation for denying his right to speech, and record.

48. The following are additional instances of false arrest, arrest made without probable cause and dismissed as a result made by Harris County deputies as a result of allowing such arrest without probable cause and not training or discipline for the false arrest, and

these failures are the moving force behind Brown's unlawful, false arrest resulting in his false imprisonment. See Appendix A.

## V. ATTORNEY'S FEES

49.     Plaintiff is entitled to recover attorney's fees and costs to enforce his constitutional rights under 42 U.S.C. § 1981, 1982, 1983, 1985, and 1988 from Defendant.

## VI. DAMAGES

50.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Defendants' acts as described herein.

51.     Plaintiffs suffered loss, and to endure anxiety, pain, injury, resulting in mental anguish and damages more fully set forth below.

52.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of their mental injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Mental anguish in the past and Mental anguish in the future;

d. Punitive damages.

e. And attorney fees

## VII. PRAYER FOR RELIEF

53.     Plaintiff prays for judgment on his behalf against Defendant and asks this Court, after impaneling a jury and accepting the presentation of evidence, to enter judgment in favor of Plaintiff and against Defendant and to be identified in at least the following particulars:

A. Enter judgment for Plaintiffs against each Defendant jointly and severally;

B. Find that Plaintiff is the prevailing party in this case and award attorney's fees and costs, pursuant to state and federal law, as noted against each Defendant;

C. Award damages to Plaintiffs for the violation of his Constitutional rights claims;

D. Award pre-and post-judgment interest;

E. Award punitive damages against Defendants;

F. Cost of court; and

G. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully submitted,
By:/s/ U.A. Lewis
U.A. Lewis
SBN: 24076511
FBN: 1645666
The Lewis Law Group
P.O. Box 27353

Houston, TX 77227
Phone: (713) 570-6555
Fax: (713) 581-1017
MyAttorneyAtLaw@gmail.com
Attorneys for Plaintiffs

Unofficial Copy Office of Marilyn Burgess District Clerk

2025.19802                                          P.18



CERTIFIED MAIL

MARILYN BURGESS
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

FIRST-CLASS MAIL
IMI
$011.26⁹
US POSTAGE

7019 2970 0001 3511 4222

281 51

5-1-25

SHERIFF ED GONZALEZ
8126 BECKETT
HUMBLE, TX 77396-3562

NIXIE      773   FE 1      0004/26/25
        RETURN TO SENDER
    NOT DELIVERABLE AS ADDRESSED
         UNABLE TO FORWARD
BC:

Unofficial Copy Office of Marilyn Burgess District Clerk

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

Unofficial Copy Office of Marilyn Burgess District Clerk

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SHERIFF ED GONZALEZ
8126 BECKETT
HUMBLE, TX 77396-3562

2025 19802 281ST

9590 9402 4975 9003 0140 48

2. Article Number (Transfer from service label)

7019 2970 0001 3511 4222

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express
☐ Registered Mail
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

RECEIPT NO.  1066276          85.00    CTM
\*\*\*\*\*\*\*\*\*\*                    TR # 74459547

| PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II)) vs. DEFENDANT: HARRIS COUNTY | In The    281st Judicial District Court of Harris County, Texas 281ST DISTRICT COURT Houston, TX |
| --- | --- |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: GONZALEZ, ED (SHERIFF)

   8126  BECKETT   HUMBLE  TX  77396 - 3562

   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>19th day of March, 2025</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
     This citation was issued on 1st day of April, 2025, under my hand and seal of said Court.



Issued at request of:
LEWIS, U A
PO BOX  27353
HOUSTON, TX  77227
Tel: (713) 570-6555
Bar No.:  24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELE
M367/12815204

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION to the following addressee at address:

_____

_____
(a) ADDRESSEE

_____

ADDRESS
_____

Service was executed in accordance with Rule 106 (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                              *74459547*

CAUSE NO.   202519802

RECEIPT NO.  1066276                  85.00      CTM
          * * * * * * * * *            TR # 74459547

| PLAINTIFF: KEN BROWN (INDIVIDUALLY AND ON BEHALF OF MINORS B, K (I) & B, K (II)) vs. DEFENDANT: HARRIS COUNTY | In The  281st Judicial District Court of Harris County, Texas 281ST DISTRICT COURT Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: GONZALEZ, ED (SHERIFF)

    8126  BECKETT   HUMBLE  TX  77396 - 3562

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>19th day of March, 2025</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued on 1st day of April, 2025, under my hand and seal of said Court.



Issued at request of:
LEWIS, U A
PO BOX  27353
HOUSTON, TX  77227
Tel: (713) 570-6555
<u>Bar No.</u>: 24076511

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MCCARTY, TALITHA ROCHELE
M30//12815204

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____

_____

(a) ADDRESSEE

ADDRESS _____

Service was executed in accordance with Rule 106
    (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                                    *74459547*

3/24/2025 11:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 98832536
By: Brianna Janel Denmon
Filed: 3/19/2025 10:58 PM

CASE NO._____

| | | |
|---|---|---|
| KEN BROWN, INDIVIDUALLY AND ON BEHALF OF MINORS K.B., I; AND K.B., II PLAINTIFFS, | § § § § | IN THE DISTRICT COURT |
| | § | _____ JUDICIAL DISTRICT |
| V. | § § | |
| HARRIS COUNTY, TEXAS, SHERIFF ED GONZALEZ, MATTHEW STENSLAND, ADOLFO VILLANUEVA, JOSHUA BASS AND CIARA CASMER, DEFENDANTS. | § § § § | OF HARRIS COUNTY, TEXAS |

<u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Ken Brown, Jr. individually and on behalf of minor children K.B.I, ("KBI") and K.B. II, ("KBII") files this Complaint and Request for Jury Demand, and in support of his claims against Harris County, Ed Gonzalez, in his individual and official capacity, Ciara Casmer in her individual and official capacity and Matthew Stensland in his individual and official capacity. Plaintiff alleges the following:

## I. <u>NATURE OF CASE</u>

This is a civil action arising as a result of Plaintiff and his children's deprivation of

their constitutional rights and liberties to be free of excessive, unreasonable use of force, and unlawful arrest pursuant to the Fourth and Fourteenth Amendments of the Constitution of the United States by Defendants, state actors, who were acting under the color of law at the time Plaintiff and his son's rights were violated as set forth in the Civil Rights Act, Title 42 of the United States Code §§1981, 1983, and 1988.

## II. PARTIES

1. Plaintiff, Ken Brown, Jr. individually and on behalf of minor children K.B.I, and K.B. II, PO Box 27353, Houston, Texas 77227

2. Defendant, Matthew Stensland, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Stensland may be found.

3. Defendant Ciara Casmer, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. She is sued in her individual capacity for liability, punitive and compensatory damages. She may be served with process at his place of employment by personal delivery

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Casmer may be found.

4. Defendant, Adolfo Villanueva, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Villanueva may be found.

5. Defendant, Joshua Bass, at all times was acting under the color of state law and as the agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. He is sued in his individual capacity for liability, punitive and compensatory damages. He may be served with process at his place of employment by personal delivery at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Defendant Bass may be found.

6. Defendant, Sheriff Ed Gonzalez ("Sheriff Gonzalez"), at all times was acting under the color of state law and as the leader, agent, and, as a matter of law, the official representative of the Harris County Sheriff's Office. Sheriff Gonzalez is an individual who may be served with process at Defendant's place of employment by personal delivery

at Harris County Sheriff's Office, 1200 Baker St., Houston, Texas 77002, or wherever Sheriff Ed Gonzalez may be found.

7.     Defendant, Harris County, Texas, for actions related to the actions of Harris County Sheriff's Office, ("HCSO"), a municipality in Texas.  Harris County is a "person" under 42 U.S.C. §1983 and at all times relevant to this case, acted under the color of state law.  Harris County may be served with the process by serving the Honorable Judge Lina Hildalgo, county judge of Harris County by personal delivery at Harris County, 1001 Preston St, Houston, Texas 77002, or wherever Judge Lina Hidalgo/Harris County may be found.

## III. FACTS

8.     Ken Brown was in town for his father in law's funeral with his family including his minor sons, KB,I, 16 yrs old and KB,II, 14 years old, his wife, and two other young children.

9.     The plaintiff drove his mother to a nail salon in the city he was visiting for a funeral and left his two teenage sons in his car in the salon's parking lot.

10.    While he was inside the nail shop with his mother, Deputy Matthew Stensland began harassing his sons.

11.     Deputies Stensland, Adolfo Villanueva, Joshua Bass detained Mr. Brown's teenage son and placed him in the back of his police squad car without reasonable suspicion for initiating contact with them on private property and without probable cause.

12.     KB, II did not feel free to leave although he was not handcuffed or placed in the squad car.

13.     Witnessing the officer stalking his sons, KB, I, KB, II, kidnap KB, I and put KB, I in handcuffs, his father left his mother, came out of the nail shop and told him to take his young son out of handcuffs.

14.     The deputies refused to release the teenager.

15.     None of the events occurred on public streets but in a private parking lot.

16.     He then detained and arrested their father, Ken Brown, after an illegal search of his vehicle.

17.     Officer Casmer provided a false sworn statement to secure an arrest warrant and effectuate the false arrest and imprisonment of Mr. Brown.

18.     Stensland failed to disclose that the stop occurred on private property. Mr. Brown had never received a parking ticket in the past for parking in a handicap space and was not subject to an arrest when he encountered Deputies Stensland, Adolfo Villanueva, and Joshua Bass.

19.     The detainment occurred on private property and was unlawful.

20.     Mr. Brown is a member of a protected class as a Black male. He and his sons were racially profiled and stalked by Stensland although he was not engaged in any criminal activity. He was simply being a respectful son.

21.     Following an investigation and review of body-worn camera footage, no disciplinary action was taken, and infractions captured by said footage were deliberately disregarded.

22.     Supervisors are trained, pursuant to policy, to review all deputies' statements and make sure the statements do not conflict before accepting the statements.

23.     The officer witness statements must be approved by a supervising officer before it is accepted and is often returned to the officers to make changes to correct contradictions.

24.     Sheriff Ed Gonzalez failed to adequately train or discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

25.     Sheriff Ed Gonzalez failed to adequately discipline Matthew Stensland or Cyara Casmer for the false arrest and detainment of Mr. Brown and his teenage sons.

26.     The teenagers were interrogated while detained without being advised of their Fifth Amendment right to remain silent. They admitted they do not provide warnings

exclaiming "we don't do that, GANG GANG." Shout out to "V (likely Villareal) sparked this whole idea."

27.     The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.

28.     He specifically failed to train in the limits of stopping individuals on private property without probable cause.

29.     Deputies Stensland, Adolfo Villanueva, and Joshua Bass approached the vehicle and found that there was no driver present. The appropriate response for a car illegally parked in a disabled parking space would be a ticket issued to the registered owner.

30.     However, due to the lack of training by Gonzalez and Harris County on the limits of conducting a traffic stop or response to parking violation while on private property, this was not done. This was also the case with officer Christopher Bolin. The vehicle was illegally searched without consent. Stensland never witnessed Ken Brown inside the vehicle, yet he took custody of the firearms lawfully possessed.

31.     The vehicle was towed to 13129 Kuykendahl Road by Iron Impound and Storage #331 instead of allowing the vehicle to remain on private property with his wife, or

mother resulting in additional damages, including criminal defense attorney fees, transportation and bond.

## IV. CLAIMS

**42 U.S.C. §1983 Constitutional Rights Violations Pursuant to the First, Fourth, and Fourteenth Amendments.**

32.     Plaintiff adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive, with regard to all causes of action.

33.     Plaintiff asserts that Stensland is liable for excessive force, unreasonable use of force, and Ed Gonzalez is liable for his failure to train, supervise, or discipline his officers. Sheriff Gonzalez failed to train Matthew Stensland and Cyara Casmer to protect individuals, like the Plaintiff, from wrongful false arrest based on false imprisonment in violation of the 4th and 14th Amendments.

34.     He further failed to train, supervise, or discipline his officers, like Stensland and Casmer to refrain from the unreasonable seizures or reasonable use of force, as a result of the sheriff's failures Mr. Brown and his children's rights were violated.

35.    Defendant Harris County is liable to Plaintiffs as a result of the policy and practice of unlawful arrest. In addition Harris County failed to protect Plaintiff and his son from violation of the Fourth and Fourteenth Amendments.

36.    Specifically, Defendant Harris County by and through its agents, staff, officers, or employees, violated Plaintiffs' constitutional rights to be free from unreasonable seizures and excessive force by causing injuries to Plaintiff Ken Brown as a result of the unreasonable use of force.

37.    Defendant Harris County's policymaker, Sheriff Gonzales, acting under the color of state law and within the scope of its responsibilities and/or employment and authority, intentionally and with conscious, callous, deliberate indifference deprived Plaintiffs of their constitutional rights to be free from unreasonable unlawful seizure and excessive use of force by failing to train, supervise or discipline its officers.

38.    As such, Plaintiff sues Harris County and its policymaker, Sheriff Gonzalez, as a state actor acting under the color of law, pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's liberty and freedom interests.

**Ratification by Harris County and Pattern/ Practice of Excessive Force**

39.    Plaintiff hereby adopts, incorporates, restates, and re-alleges all previous paragraphs, inclusive and with regard to all causes of action.

40.     Plaintiff had his rights violated and was injured due to the policies, practices, customs, and procedures of Harris County.

41.     Defendant Harris County has a practice, custom, culture, procedure, and training of permitting and encouraging excessive force against suspects, inmates, and persons in their custody.

42.     No person was adequately disciplined or reprimanded after the investigation of this incident, thereby ratifying the conduct set forth above.

43.     Harris County either determined that there was partial misconduct and violation and just a menial error occurred or failed to investigate and excuse any excessive and unreasonable use of force and failure to protect from excessive and unreasonable use of force was consistent with departmental policy and created in the department and expectation of impunity for the use of excessive and unreasonable use of force and failure to protect.

44.     Defendant Harris County and its deputies have a pattern and practice of using excessive force on its citizens and failing to protect them from the use of unreasonable, excessive force.

45.     Harris County and Gonzalez failed to train and supervise its agents, staff, officers, and employees after prior past unreasonable, unconstitutional conduct that resulted in a

culture of emboldened behavior. This includes Stensland who based on this behavior herein likely had a history of complaints.

46.     Defendant Harris County has a practice, custom, culture, procedure, and training of  permitting and failing to discourage its agents, staff, officers, and employees not to arrest individuals without probable cause or use excessive and unreasonable use of force against persons in its custody. Deputies Stensland, Adolfo Villanueva, Joshua Bass each failed to intervene to prevent the others' violation of the constitutional rights of the plaintiffs.

47.     Defendant's  policies, practices, and/or customs were a moving force in causing the unconstitutional  conduct alleged herein. Plaintiff intends to show that there was a failure to supervise and  correct the wrongful and illegal behavior of its agents, staff, officers, and employees; there  was a culture of silence and tolerance of such conduct, and there was a failure to train to  result in the unreasonable force and false arrest, as well as First Amendment violation for denying his right to speech, and record.

48.     The following are additional instances of false arrest, arrest made without probable cause and dismissed as a result made by Harris County deputies as a result of allowing such  arrest without probable cause and not training or discipline for the false arrest, and

these failures are the moving force behind Brown's unlawful, false arrest resulting in his false imprisonment. See Appendix A.

## V. ATTORNEY'S FEES

49.     Plaintiff is entitled to recover attorney's fees and costs to enforce his constitutional rights under 42 U.S.C. § 1981, 1982, 1983, 1985, and 1988 from Defendant.

## VI. DAMAGES

50.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Defendants' acts as described herein.

51.     Plaintiffs suffered loss, and to endure anxiety, pain, injury, resulting in mental anguish and damages more fully set forth below.

52.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of their mental injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Mental anguish in the past and Mental anguish in the future;

d. Punitive damages.

e. And attorney fees

## VII. PRAYER FOR RELIEF

53. Plaintiff prays for judgment on his behalf against Defendant and asks this Court, after impaneling a jury and accepting the presentation of evidence, to enter judgment in favor of Plaintiff and against Defendant and to be identified in at least the following particulars:

A. Enter judgment for Plaintiffs against each Defendant jointly and severally;

B. Find that Plaintiff is the prevailing party in this case and award attorney's fees and costs, pursuant to state and federal law, as noted against each Defendant;

C. Award damages to Plaintiffs for the violation of his Constitutional rights claims;

D. Award pre-and post-judgment interest;

E. Award punitive damages against Defendants;

F. Cost of court; and

G. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully submitted,
By:/s/ U.A. Lewis
U.A. Lewis
SBN: 24076511
FBN: 1645666
The Lewis Law Group
P.O. Box 27353

Houston, TX 77227
Phone: (713) 570-6555
Fax: (713) 581-1017
MyAttorneyAtLaw@gmail.com
Attorneys for Plaintiffs

Unofficial Copy Office of Marilyn Burgess District Clerk