United States District Court
Southern District of Texas
**ENTERED**
March 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEN BROWN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02908 |
| | § | |
| MATTHEW STENSLAND, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are United States Magistrate Judge Peter Bray's Memorandum and Recommendation (Doc. #29), Plaintiffs Objections (Doc. #30), and Defendants Matthew Stensland ("Stensland") and Joshua Bass's ("Bass") Response (Doc. #31). The Magistrate Judge's findings and conclusions are reviewed de novo. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and the applicable legal authority, the Court adopts the Memorandum and Recommendation.

This case arises from an arrest made in the parking lot of a strip mall in Harris County, Texas. Doc. #29 at 3. On March 19, 2023, Stensland and Bass—deputies from the Harris County Sheriff's Office—observed an improperly parked vehicle that lacked license plates. *Id.* at 4. Their resulting investigation led to the detention of Plaintiff Ken Brown, Jr. ("Brown"), the driver of the vehicle, and Plaintiff K.B. I ("K.B. I"), Brown's son. *Id.* at 5. Stensland and Brown searched the vehicle and found marijuana and firearms. *Id.* at 6. Eventually, the vehicle was impounded and

Brown was arrested for unlawfully carrying a weapon in violation of the Texas Penal Code.[1] *Id.*

Plaintiffs brought this lawsuit in state court against Harris County, Harris County Sheriff Ed Gonzalez ("Gonzalez"), and Deputies Stensland, Bass, Adolfo Villanueva, and Ciara Casmer (collectively, the "Deputy Defendants").[2] Doc. #1, Ex. 5. Stensland and Bass removed the case to this Court on June 23, 2025. Doc. #1. Approximately a month later, on July 21, 2025, Plaintiffs filed their Amended Complaint, alleging the Deputy Defendants violated the First, Fourth, and Fourteenth Amendments and asserting a *Monell* claim against Harris County and Gonzalez. Doc. #13. On August 4, 2025, Stensland and Bass filed Motions to Dismiss, arguing they are entitled to qualified immunity. Doc. #15; Doc. #16. In support of their Motions to Dismiss, Stensland and Bass provided the Court with their body worn camera ("BWC") footage from the incident. Doc. #17. Magistrate Judge Bray issued his Memorandum and Recommendation on February 11, 2026, recommending the Court dismiss all claims against the Deputy Defendants, dismiss the *Monell* claims against Harris County and Gonzalez, and deny Plaintiffs leave to amend their pleadings. Doc. #29.

Plaintiffs primarily object to the Memorandum and Recommendation on the grounds that Magistrate Judge Bray should not have considered the BWC footage in evaluating the Motions to Dismiss. Doc. #30. Most of Plaintiffs' objections, however, "merely rehash" arguments Magistrate Judge Bray already considered and rejected. *Elmihi v. Paypal Holdings, Inc.*, No. 2:25-cv-25, 2026 WL 93046, at *2 (S.D. Tex. Jan. 13, 2026). Furthermore, Plaintiffs fail to provide authority to support any of their objections. *See Farnsworth v. Thaler*, No. H-10-1104, 2011 WL 2490405, at *4 (S.D. Tex. June 20, 2011) (finding arguments without legal or factual support to

---

[1] K.B. I was released from custody after approximately twenty-eight minutes. Doc. #29 at 7.

[2] Only Stensland and Bass were ever served with process.

2

be without merit). Upon review, the Court agrees with Magistrate Judge Bray's analysis.[3] Plaintiffs' objections are thus overruled.

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #29) as its Order. Accordingly, the Motions to Dismiss (Doc. #15; Doc. #16) are hereby GRANTED. Plaintiffs' claims against Matthew Stensland, Joshua Bass, Adolfo Villanueva, and Ciara Casmer are DISMISSED WITH PREJUDICE. Furthermore, Plaintiffs' *Monell* claims against Harris County, Texas and Sheriff Ed Gonzalez are likewise DISMISSED WITH PREJDUICE. The Court will enter a separate final judgment.

It is so ORDERED.

**MAR 1 3 2026**

_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[3] The Court acknowledges one inconsistency in the Memorandum and Recommendation pertaining to Plaintiff K.B. II ("K.B. II"), Brown's other son. Specifically, in summarizing the factual background of this case, Magistrate Judge Bray writes that "another deputy command[ed] K.B. II . . . to stay inside." Doc. #29 at 4. Later in the Memorandum and Recommendation, however, Magistrate Judge Bray states that "K.B. II is never heard identifying himself on camera, nor engaging with officers in any other capacity." *Id.* at 16. Even considering this discrepancy, however, Plaintiffs have failed to provide the Court any facts upon which it could conclude that K.B. II's constitutional rights were violated.

3