United States District Court
Southern District of Texas
**ENTERED**
November 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEN BROWN, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02908 |
| | § | |
| MATTHEW STENSLAND, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court are United States Magistrate Judge Peter Bray's Memorandum and Recommendation (Doc. #48) filed on August 7, 2026; Plaintiffs Objections (Doc. #49); Defendants Matthew Stensland ("Stensland") and Joshua Bass's ("Bass") Response (Doc. #50); and Plaintiffs Reply (Doc. #51). The Magistrate Judge's findings and conclusions are reviewed de novo. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and the applicable legal authority, the Court adopts the Memorandum and Recommendation.

Magistrate Judge Bray thoroughly laid out the facts of this case in his February 11, 2026 Memorandum and Recommendation. Doc. #29. The Court adopts and incorporates that factual background by reference. To briefly summarize, this action arises from an arrest made in the parking lot of a strip mall in Harris County, Texas. *Id.* at 3. Plaintiffs brought this lawsuit against Harris County, Harris County Sheriff Ed Gonzalez ("Gonzalez"), and Deputies Stensland, Bass, Adolfo Villanueva, and Ciara Casmer (collectively, the "Deputy Defendants"). Doc. #1, Ex. 5. On August 4, 2025, Stensland and Bass filed Motions to Dismiss, arguing they are entitled to

qualified immunity. Doc. #15; Doc. #16. In support of their Motions to Dismiss, Stensland and Bass provided the Court with their body worn camera ("BWC") footage from the incident. Doc. #17. In his February 11th Memorandum and Recommendation, Magistrate Judge Bray recommended the Court dismiss Plaintiffs' claims against the Deputy Defendants, dismiss their *Monell* claims against Harris County and Gonzalez, and deny Plaintiffs leave to amend their pleadings. Doc. #29. On March 13, 2026, the Court adopted that Memorandum and Recommendation in full and issued a Final Judgment. Doc. #32; Doc. #33.

A month later, on April 13, 2026, Plaintiffs filed their Rule 59(e) Motion to Alter or Amend Judgment, Vacate Order Adopting Memorandum and Recommendation, and for Leave to File Second Amended Complaint (the "Motion"). Doc. #34. Stensland and Bass responded to the Motion on May 8, 2026. Doc. #45. On August 7, 2026, Magistrate Judge Bray issued the instant Memorandum and Recommendation, recommending the Court deny Plaintiffs' Motion and request for leave to further amend their pleading. Doc. #48.

Plaintiffs raise various objections to the August 7th Memorandum and Recommendation. Doc. #49. For the most part, they argue Magistrate Judge Bray erred in relying on the BWC footage when considering whether Plaintiffs' claims against Stensland and Bass should be dismissed. Doc. #50. Plaintiffs previously lodged similar objections in response to the February 11th Memorandum and Recommendation. Doc. #30. But as the Court conveyed in its March 13th Order, objections that "merely rehash" prior arguments are meritless. *Elmihi v. Paypal Holdings, Inc.*, No. 2:25-cv-25, 2026 WL 93046, at *2 (S.D. Tex. Jan. 13, 2026); *see also Talbert v. Lynch*, No. PE:16-cv-18, 2017 WL 11236935, at *3 (W.D. Tex. Feb. 17, 2017) (explaining that "parties are not to be afforded a second bite at the apple when they file objections" to the recommendation of a magistrate judge (internal quotations removed)). Additionally, Plaintiffs

object to Magistrate Judge Bray's recommendation that the Court deny them leave to further amend their pleading. Doc. #50 at 10–15. As Magistrate Judge Bray explains in his latest Memorandum and Recommendation, however, the Court "may deny leave when the facts underlying the amended complaint were known to the party when the earlier complaint was filed." Doc. #48 at 11 (citing *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020)). Plaintiffs could have reviewed the BWC footage and amended their pleading before Magistrate Judge Bray issued his February 11th Memorandum and Recommendation; they failed to do so. *Id.* at 13. And in any event, the Court agrees with Magistrate Judge Bray's determination that Plaintiffs' "proposed amended complaint would not change" the Court's underlying conclusion that their claims should be dismissed. *Id.* at 12. As such, Plaintiffs' objections are overruled.

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #48) as its Order. Accordingly, Plaintiffs' Motion (Doc. #34) is hereby DENIED. Furthermore, Plaintiffs' request for leave to amend their pleading is DENIED.

It is so ORDERED.

NOV 1 9 2026

Date

The Honorable Alfred H. Bennett
United States District Judge